**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

DAMIAN L. BOONE, #320703,

        Petitioner,

v.
                                                        ACTION NO.
                                                        2:05cv731

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Procedural Background

Petitioner Damian L. Boone ("Mr. Boone") was convicted in the Circuit Court of the City of Hampton of Malicious Wounding and was sentenced to a term of twenty years imprisonment with ten years suspended.

Mr. Boone's direct appeal of his convictions to the Virginia Court of Appeals was denied on October 30, 2003. The Virginia Supreme Court refused Mr. Boone's petition for appeal on April

1, 2004.  Mr. Boone next filed a habeas petition in the Virginia Supreme Court, which was refused

on July 5, 2005.  He then filed a Petition for Rehearing with the Virginia Supreme Court, which was

denied on September 23, 2005.

Mr. Boone, presently in the custody of the Virginia Department of Corrections at the

Powhatan Correctional Center in State Farm, Virginia, filed this petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on December 13, 2005.  On June 5, 2006, respondent filed a Rule 5

Answer and Motion to Dismiss. Mr. Boone filed a response to the Motion to Dismiss on June 15,

2006, and an additional memorandum of law on September 15, 2006.

## B. Grounds Alleged

Mr. Boone asserts the following entitle him to relief under 28 U.S.C. § 2254:

    (a)    that he was denied effective assistance of counsel due to his counsel's failure to:

        (i)    investigate the facts of the criminal accusation;

        (ii)    confer with Mr. Boone regarding his case prior to trial;

        (iii)    explain to Mr. Boone the consequences of waiving his right to a trial by jury;

        (iv)    adequately research the law governing the disposition of Mr. Boone's case;

        (v)    refuse appointment to the case for lack of experience or expertise in trying felony cases;

        (vi)    subpoena certain fact witnesses who may have exculpated Mr. Boone;

        (vii)    adequately argue the issue of the sufficiency of the state's evidence;

(viii)   object to the introduction of photographs of
the alleged victim's injuries at trial;

(ix)   obtain an expert medical witness to testify
about the cause of the alleged victim's
injuries; and,

(x)   alert the court to the alleged victim's
contradictory testimony;

(b)   he was denied the effective assistance of appellate counsel
due to his appellate counsel's failure to: competently present
the issue of the sufficiency of the state's evidence;  and,

(c)   the trial court erred in convicting him because the state's
evidence was insufficient to prove he acted maliciously.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims
must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when
the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as
those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428,
1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either
on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844
(1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also  Skipper v. French, 130 F.3d 603,
610 n.4 (4th Cir. 1997).  Mr. Boone's petition to the Virginia Supreme Court for writ of habeas
corpus contained Grounds (a) and (b) raised in the present petition; therefore Mr. Boone's Grounds
(a) and (b) meet the exhaustion requirement.  Ground (c) was raised in Mr. Boone's direct appeal
to the Virginia Supreme Court; therefore, Ground (c) also meets the exhaustion requirement.

3

## B.  Merits

### i.  Grounds (a) and (b)

_____The Virginia Supreme Court, on July 5, 2005, decided Mr. Boone's petition for writ of habeas corpus on the merits.  The Virginia Supreme Court thoroughly considered Mr. Boone's claims reflected in Grounds (a) and (b) of his petition for habeas corpus.   The Virginia Supreme Court clearly articulated its application of Strickland v. Washington to the facts in this case, therefore, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000).   There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts.  Therefore, this Court recommends denial of Mr. Boone's Grounds (a) and (b).

### ii.  Ground (c)

Mr. Boone previously asserted his insufficient evidence claim, Ground (c), to the Virginia Supreme Court on direct appeal.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or

---

[1]       The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Virginia Supreme Court, on April 11, 2004, refused Mr. Boone's direct appeal from the Court of Appeals of Virginia's holding that the State's evidence at trial was sufficient to support a finding that he acted maliciously.  Because the Virginia Supreme Court summarily refused Mr. Boone's appeal, this Court will conduct an independent review of the applicable law to determine whether Mr. Boone has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000).  This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162.  The Supreme Court has further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(c)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322 (2003).

When considering a sufficiency of the evidence claim, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  This Court must resolve any conflicts in the evidence in favor of the prosecution. Id. at 323.

The evidence adduced at Mr. Boone's trial, and upon which he was convicted, consisted of testimony from Mr. Boone and Candice Thornton ("Ms. Thornton"), the victim with whom Mr. Boone had three children, and photographs produced by Ms. Thornton.  According to Ms. Thornton's testimony, she went to Mr. Boone's place of employment on August 3, 2002 to help him with inventory.  Upon arrival, Mr. Boone slapped her and pushed her against a wall.  During the course of the altercation, Ms. Thornton ended up on the ground in an area behind Mr. Boone's place of employment, where Mr. Boone kicked her and burned her arms and face with a cigarette.  Ms. Thornton periodically lost consciousness throughout the episode.

Sometime thereafter, Mr. Boone returned inside the business.  Before doing so, he warned Ms. Thornton against leaving or calling for help and tied her shoelaces together.  Approximately five hours later, Mr. Boone and his sister helped Ms. Thornton inside the business to prepare to walk home.  Because Ms. Thornton could not walk, however, Mr. Boone and his sister pushed her home in a shopping cart.

Upon receiving medical treatment the next day, Ms. Thornton was informed that she sustained a sprained ankle, bruised shoulder, black eyes, and burns to her arms and face.  Several photographs documenting Ms. Thornton's injuries were admitted into evidence.

Mr. Boone's testimony varied from Ms. Thornton's.  Mr. Boone testified that Ms. Thornton

6

hit a brick wall after he pushed her in the back.  He pushed her, he testified, while upset from seeing her talk to another man.   Mr. Boone denied burning Ms. Thornton with a cigarette, tying her shoelaces together, warning her not move, and pushing her home in a shopping cart.  He further testified that after pushing her, he treated a wound to her forehead with antibacterial cream.

Upon consideration of all of the evidence, Mr. Boone was convicted of Malicious Wounding under Section 18.2-51 of the Virginia Code.  According to that statute, it is a Class Three (3) felony to "maliciously shoot, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill . . . ."  VA. CODE ANN. § 18.25-51 (West 2006).   In Virginia, malice may be express or implied, and "malice, in its legal acceptation means any wrongful act done wilfully or purposefully."   Hernandez v. Commonwealth, 426 S.E.2d 137, 140 (1993) (citing Williamson v. Commonwealth, 23 S.E.2d 240 (1942)).  Malice "may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury."  Id.

Although presented with two different accounts of the incidents leading to Mr. Boone's conviction, this Court is bound to resolve conflicts in evidence in favor of the prosecution.  Jackson, 443 U.S. at 323.  Viewing the evidence in the light most favorable to the prosecution, the Court of Appeals of Virginia held that the evidence presented at trial was sufficient to convince a reasonable trier of fact that Mr. Boone acted maliciously and was, therefore,  guilty of Malicious Wounding. The Virginia Supreme Court upheld that finding.  There is no indication that the Virginia Supreme Court's adjudication on this issue was contrary to, or involved an unreasonable application of, clearly established federal law, nor has their conclusion resulted in a decision that was based upon an unreasonable determination of the facts.  Therefore, this Court recommends denial of Mr. Boone's Ground (c).

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Mr. Boone's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Mr. Boone's Grounds (a) and (b) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and based on the holding in <u>Strickland</u> and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Mr. Boone's Ground (c) should be DENIED because it was previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions apply that would allow this Court to review the claim on the merits.

Mr. Boone has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten

(10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____<br>
Tommy E. Miller<br>
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 27, 2006

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Damian L. Boone, # 320703
Powhatan Correctional Center
State Farm, Virginia 23160


Richard B. Smith, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


                                        Fernando Galindo, Acting Clerk



                            By _____
                                    Deputy Clerk

                                    September  , 2006